IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, EASTERN DIVISION

| | | |
|---|---|---|
| CHARNESHA ALEXANDER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | CIVIL ACTION NO. |
| v. | ) | 3:16cv189-MHT |
| | ) | (WO) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

OPINION AND ORDER

Petitioner Charnesha Alexander has filed a "Motion Requesting Stay of Restitution," wherein she seeks a stay, until her projected release date, of her obligation to pay restitution as ordered in her criminal case, *United States v. Alexander*, 3:14cr334-MHT (M.D. Ala.), or, alternatively, reinstatement of the payment schedule she says she originally agreed to with the Federal Bureau of Prisons. Alexander filed this motion in her closed 28 U.S.C. § 2255 case. However, 28 U.S.C. § 2255 is not a mechanism by which an order of restitution may be attacked or revised. *See Blaik v. United States*, 161 F.3d 1341, 1343 (11th Cir. 1998) (holding that a § 2255

motion cannot be utilized by a federal prisoner who challenges only the restitution portion of his sentence because § 2255 affords relief only to those prisoners who "claim the right to be released from custody"); *Mamone v. United States*, 559 F.3d 1209, 1211 (11th Cir. 2009) (despite the presence of claims challenging his custody and requesting release from custody, prisoner could not utilize § 2255 to challenge his restitution order).

The authority to impose or modify a restitution schedule post-sentence stems from 18 U.S.C. § 3664 and its antecedents. *See United States v. Kyles*, 601 F.3d 78, 83–86 (2d Cir. 2010). Section 3664(k) provides:

> "A restitution order shall provide that the defendant shall notify the court and the Attorney General of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution. The court may also accept notification of a material change in the defendant's economic circumstances from the United States or from the victim. The Attorney General shall certify to the court that the victim or victims owed restitution by the defendant have been notified of the change in circumstances. Upon receipt of the notification, the court may, on its own motion, or the motion of any party, including the

> victim, adjust the payment schedule, or require immediate payment in full, as the interests of justice require."

18 U.S.C. § 3664(k). Therefore, this court finds that Alexander's instant motion should be analyzed under 18 U.S.C. § 3664(k). *See, e.g., Cani v. United States*, 331 F.3d 1210, 1212–13 (11th Cir. 2003).

\*\*\*

Accordingly, it is ORDERED that the clerk of court is to:

(1) Strike petitioner Charnesha Alexander's "Motion Requesting Stay of Restitution" (doc. no. 31) from this civil action; and

(2) Docket this same motion in the criminal case, *United States v. Alexander*, 3:14cr334-MHT (M.D. Ala.), as a motion under 18 U.S.C. § 3664(k) to modify the restitution payment schedule.

DONE, this the 4th day of October, 2019.

/s/ Myron H. Thompson
**UNITED STATES DISTRICT JUDGE**